UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
F I L E D

DEC 10 2025

Nathan Ochsner, Clerk of Court

In re:

KELLI DIANN AUSTIN,
Debtor.
Case No. 25-80616
Chapter 13

EMERGENCY MOTION FOR RELIEF FOR VIOLATION OF THE AUTOMATIC STAY AND FOR IMPOSITION OF SANCTIONS AND REMEDIAL ORDERS

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Debtor, Kelli Diann Austin ("Debtor"), files this Emergency Motion for Relief for Violation of the Automatic Stay under 11 U.S.C. §§ 105(a), 362(a), and 362(k), and Federal Rule of Bankruptcy Procedure 4001, and respectfully states:

EMERGENCY RELIEF IS NEEDED BY: **IMMEDIATELY**

Pursuant to Bankruptcy Local Rule 9013(b), the Court should grant the relief requested in this Motion because [state specific grounds].

I. INTRODUCTION AND EMERGENCY NATURE OF THE RELIEF

1. This Motion is brought on an emergency basis because the stay-violating conduct is ongoing, the Debtor remains unlawfully incarcerated, and she faces imminent and life-threatening medical harm due to denial of treatment for a blood-clot disorder.

2. Immediate consideration is necessary because the Debtor was incarcerated three hours after filing bankruptcy, and her continued detention—spread across multiple facilities—is being used to enforce a pre-petition debt in direct violation of the automatic stay.

3. The Debtor certifies that she has acted diligently, that the need for emergency relief arises solely from Creditor's unlawful post-petition collection efforts, and that irreparable harm will occur absent immediate intervention.

1

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

6. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409 because the Debtor resides at 3321 Bridget Lane, Mont Belvieu, Texas 77523.

## III. FACTUAL BACKGROUND

7. The Debtor filed a voluntary petition under Chapter 13 on December 2, 2025 (the "Petition Date").

8. Approximately three hours after the filing, and in furtherance of a debt-collection effort, GLD Member Sponsor, LLC ("Creditor") caused the Debtor to be arrested and incarcerated despite having notice—actual, constructive, or both—of the automatic stay imposed by 11 U.S.C. § 362(a).

9. After her arrest, the Debtor was sequentially transported and held at multiple detention facilities, including:

   a. The Federal Detention Center in Houston, Texas;

   b. The ICE Detention Facility in Conroe, Texas;

   c. The Montgomery County, Texas, Jail; and

   d. The Chambers County, Texas, Jail, where she remains detained.

10. The Debtor's incarceration is a continuation of pre-petition collection proceedings that were required to cease immediately upon the filing of the bankruptcy petition. The Debtor is not being held for any independent criminal violation unrelated to the underlying debt-collection process initiated by Creditor.

11. Immediate emergency relief is required to prevent irreparable harm. The Debtor is currently incarcerated at the Chambers County Jail and is being denied access to necessary medical care for a serious blood-clot disorder. Accordingly, the Debtor respectfully requests that this Court enter an order directing all detention facilities, including the Chambers County Jail, to immediately release the Debtor so that she may obtain medical care from qualified medical providers.

12. Despite repeated notifications—through the Bankruptcy Noticing Center, counsel communications, and actual notice—Creditor has refused to take corrective action to halt or reverse the stay-violating conduct.

## IV. LEGAL STANDARD

13. Section 362(a) of the Bankruptcy Code automatically stays all actions against the Debtor and property of the estate immediately upon filing a bankruptcy petition.

14. Section 362(k)(1) provides that an individual injured by a willful violation of the stay is entitled to actual damages, including attorneys' fees, and, in appropriate circumstances, punitive damages.

15. A willful violation occurs when the creditor knew of the bankruptcy and intentionally performed the stay-violating act. In re Chesnut, 422 F.3d 298 (5th Cir. 2005).

16. The Fifth Circuit and this Court enforce § 362 broadly and strictly, imposing compensatory and punitive sanctions for violations. See In re Repine, 536 F.3d 512 (5th Cir. 2008).

## V. ARGUMENT

### A. Creditor Had Actual Knowledge of the Bankruptcy

17. Creditor received notice on December 2, 2025, through the Bankruptcy Noticing Center and therefore knew or reasonably should have known that the automatic stay was in effect.

18. Actual, constructive, or inferred notice is sufficient to impose liability for a stay violation under controlling Fifth Circuit precedent.

### B. Creditor's Conduct Constitutes a Willful Violation of the Automatic Stay

19. Creditor intentionally caused the Debtor's arrest and continued the collection-driven detention after the Petition Date.

20. Under controlling law, intent to commit the act—not intent to violate the stay—is all that is required for a "willful" violation. In re Chesnut, 422 F.3d at 303.

21. The Creditor's actions in maintaining the Debtor's incarceration after receiving notice of the bankruptcy filing constitute a willful violation of the automatic stay.

### C. Causing or Maintaining the Debtor's Incarceration for Debt-Collection Purposes Is a Per Se Violation of § 362(a)

22. Section 362(a)(6) prohibits "any act to collect, assess, or recover" a pre-petition claim.

23. Courts have consistently held that causing or maintaining an arrest or incarceration to compel payment or compliance regarding a debt is egregious and unlawful under the automatic stay.

24. The timing of the arrest—within hours of the bankruptcy filing—confirms the violation is deliberate and ongoing.

25. The Debtor's loss of liberty, medical endangerment, and physical suffering constitute damages under § 362(k), and the conduct warrants punitive sanctions.

D. Emergency Relief Is Required to Prevent Severe Bodily Harm or Death

26. The Debtor remains incarcerated in the Chambers County Jail, where she is being denied essential medical treatment for a blood-clot condition.

27. Immediate action is required to prevent irreparable medical harm and to restore the protections of federal bankruptcy law.

28. Only emergency injunctive relief can prevent catastrophic injury; monetary damages alone cannot address the immediate physical danger facing the Debtor.

VI. REQUESTED RELIEF

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

A. Granting emergency consideration of this Motion;

B. Finding that Creditor willfully violated the automatic stay under 11 U.S.C. § 362(a);

C. Directing Creditor to take all steps necessary to secure the Debtor's immediate release from incarceration, including withdrawal of any warrants, holds, detainers, or contempt orders related to the pre-petition debt;

D. Ordering all detention facilities, including the Chambers County Jail, to release the Debtor to obtain medical care;

E. Awarding actual damages, including attorneys' fees, emotional-distress damages, and physical-injury-related damages, under § 362(k);

F. Setting a hearing on punitive damages and additional sanctions;

4

G. Enjoining Creditor from any further violations of the automatic stay; and

H. Granting such other and further relief as this Court deems just and proper.

VII. CERTIFICATE OF CONFERENCE

Pursuant to Local Bankruptcy Rule 9013-1(i), Debtor states that on ____/____/____ (DATE), efforts were made to confer with GLD Member Sponsor, LLC regarding the relief requested in this Motion. Creditor could not be contacted despite diligent efforts because [debtor is incarcerated].

VIII. NOTICE

Notice of this Emergency Motion and the hearing date of [DATE] at [TIME] has been provided to:

GLD Member Sponsor, LLC
ATTN: Gray Reed
1601 Elm Street, Suite 4600,
Dallas, TX 75201

United States Trustee
Southern District of Texas
Fax: (713) 772-1211

[List all other parties entitled to notice]

IX. CERTIFICATE OF SERVICE

I certify that on____/____/____ (DATE), a true and correct copy of this Emergency Motion was served upon all parties entitled to notice through the Court's CM/ECF system and by [first-class mail / email / facsimile] to:

GLD Member Sponsor, LLC
ATTN: Gray Reed
1601 Elm Street, Suite 4600,
Dallas, TX 75201

United States Trustee
Southern District of Texas

5

Fax: (713) 772-1211

[List all other parties served and method of service]

Respectfully submitted,

*Kelli D Austin*

KELLI DIANN AUSTIN, Debtor Pro Se
3321 Bridget Lane
Mont Belvieu, Texas 77523
Phone: (832) 292-2201
Email: kellidaustin@gmail.com

Date:_____/_____/_____