IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

In Re: Kelli Diann Austin  Case No: 25-80616-G2-13
    Debtor(s)

TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
AND
MOTION TO DISMISS OR CONVERT TO CHAPTER 7

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.** If a response is filed, a hearing on this motion will be held at 10:00 am on Thursday, February 5, 2026 on the 7th Floor of the Federal Building, 601 Rosenberg Street, Galveston, TX.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Tiffany D. Castro, Trustee, objects to Confirmation of Chapter 13 Plan and moves to dismiss the case or convert it to one under Chapter 7 pursuant to Fed. R. Bankr. P. 1017 and Local Bankruptcy Rule 1017-2, and would show the Court that the plan does not meet the requirements for confirmation and thus constitutes grounds for dismissal for the following reasons:

THERE WILL BE A HEARING ON THIS MOTION ON **FEBRUARY05, 2026** AT **10:00 am** on the 7th Floor of the Federal Building, 601 Rosenberg Street, Galveston, TX. YOU MAY ATTEND VIRTUALLY OR IN PERSON. TO ATTEND VIRTUALLY, YOU MUST CONNECT BY SEPARATE AUDIO AND VIDEO CONNECTIONS. THE AUDIO CONNECTION IS 832-917-1510. THE CODE IS error. THE VIDEO CONNECTION IS AT [gotomeeting.com](gotomeeting.com). THE CODE IS .

1. Debtor has failed to implement a wage deduction order or EFT/ACH authorization as required by Local Bankruptcy Rule 1007-1(c).

2. Debtor has failed to file or provide all of the information required under 11 U.S.C. § 521(a),(b),(e),(f) and (h), and BLR 1017(a)(4). Specifically, Debtor has failed to file or provide the following:

   A) A completed Schedule of Assets and Liabilities on the official form.

   B) A schedule of current income and current expenditures.

   C) A Statement of Financial Affairs on the official form.

   D) Copies of payment advices or other evidence of payment required by 11 U.S.C. § 521(a)(1)(iv).

   E) Completed form 122C, as required by 11 U.S.C. § 521(a)(1)(v).

   F) A Certificate of Credit Counseling required by 11 U.S.C. § 521(b).

   G) Copies of tax returns required by 11 U.S.C. § 521(e)(2), or (f).

   H) Proof of identity required by 11 U.S.C. § 521(h).

3. Debtor has failed to file a plan or plan summary pursuant to 11 U.S.C. § 1321 and Local Bankruptcy Rule 3015-1.

4. Debtor has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. § 707(a).

5. Debtor has failed to pay filing fees in full.

For these reasons, Trustee prays that the Court deny confirmation of the plan and dismiss the case.

RESPECTFULLY SUBMITTED,

/s/ Tiffany D. Castro
TIFFANY D. CASTRO, TRUSTEE
ADMISSIONS ID NO. 1419995
**ADDRESS FOR CORRESPONDENCE ONLY:**
1220 AUGUSTA DRIVE, SUITE 500
HOUSTON, TX  77057
(713) 722-1200 TELEPHONE
(713) 722-1211 FACSIMILE
legal@ch13hou.com
**ADDRESS FOR PAYMENTS ONLY:**
P.O. BOX 740
MEMPHIS, TN  38101-0740

### CERTIFICATE OF SERVICE

I certify that this pleading was sent to Debtor, Debtors Attorney, the U.S. Trustee, and all parties requesting notice either electronically or via U.S. First Class Mail on 12/30/2025.

KELLI DIANN AUSTIN
3321 BRIDGETTE LANE
MONT BELVIEU, TX  77523

/s/ Tiffany D. Castro
Tiffany D. Castro, Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| In Re:   Kelli Diann Austin § | | Case No: 25-80616-G2-13 |
| § | | |
| § | | |
| Debtor(s) § | | Chapter 13 |

**ORDER OF DISMISSAL**

    1. On the chapter 13 trustee's motion, this case is dismissed. The Court's reasons for dismissal were stated on the record in open court.

    2. The deadline for filing an application for an administrative expense in this case is set at 21 days following the entry of this Order. The deadline for filing a motion for allowance of a claim arising under § 507(b) in this case is also set at 21 days following entry of this order.

    3. If an application for allowance of professional fees and expenses has previously been filed in this case, the applicant is not required to file a new application for allowance of an administrative expense under § 503 if the new application only seeks allowance of the same professional fees and expenses previously requested.

    4. Any prior order directing an employer or other person to pay funds to the chapter 13 trustee is terminated. Any prior order authorizing an ACH or other means of electronic payment is terminated.

    5. The Court finds good cause to direct the payment of funds held by the chapter 13 trustee at the time of entry of this Order as follows:

    (a)   First, the balance on hand in the Emergency Savings Fund will be paid to the Debtor(s);

    (b)   Second, to any unpaid chapter 13 trustee's statutory compensation;

    (c)   Third, the balance on hand in the Reserves for *ad valorem* taxes, to the holder of the claim secured by the senior security interest against the property for which the Reserves were established;

    (d)   Fourth, the balance in any other Reserve account to the Debtor;

    (e)   Fifth, to any unpaid payments mandated to be made by the Trustee under a prior Court order, including but not limited to any mandated adequate protection payments;

    (f)   Sixth, to pay any unpaid fees to Debtor(s)' attorneys and to reserve for any filed applications for which no order has yet been entered; and

    (g)   Seventh, to the Debtor(s).

Any party−in−interest objecting to the "for cause" distributions under this paragraph must file an objection within 14 days of entry of this Order. The chapter 13 trustee will defer making distributions under this paragraph until the next ordinary disbursement date following the later of (i) 22 days following entry of this Order; or (ii) entry of an order resolving any timely filed objection.